IN UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DARRELL TAYLOR and DAVID MCDANIEL, <br><br> Plaintiff, <br><br> v. <br><br> BROWN SECURITY & LEO MANAGEMENT d/b/a SOUTHERN PROTECTION AGENCY and JOHN BROWN <br><br> Defendants. | Civil Action No.: <br><br> **Jury Trial Demanded** |

## COMPLAINT

COME NOW Plaintiffs, Darrell Taylor and David McDaniel, by and through their undersigned counsel and file this lawsuit against Defendants Brown Security & LEO Management doing business as Southern Protection Agency and John Brown on behalf of themselves and similarly situated employees, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended, for overtime violations.

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the federal claims asserted in this action under 28 U.S.C. §§1331, 1332, 1337, 1338, 1343(a) (4) 1367.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as both Defendants are domestic corporations who conduct business in this District and as a substantial part of the events or omissions giving rise to the claims that occurred in this District.

3. Plaintiffs assert state based claims under the supplemental jurisdiction of this court, pursuant to 28 U.S.C. §1367, to hear and decide claims arising under the laws of the State of Georgia.  Jurisdiction is specifically conferred on the Court by 42 U.S.C. §2003-5(g).

## II.  STATEMENT OF CLAIMS

4. The instant lawsuit is for relief for Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended.

## III.  PARTIES

5. Plaintiff Darrell Taylor is a resident of Gwinnett County, Georgia (within this District).

6. Plaintiff David McDaniel is a resident of Gwinnett and Dekalb County, Georgia (within this District).

7. Mr. Taylor and Mr. McDaniel (hereinafter "Plaintiffs") were jointly employed by Defendant, Brown Security & LEO Management doing business as Southern Protection Agency and John Brown (hereinafter "Defendants").

8. Plaintiffs are covered by §§ 203 and 207 of the FLSA for the period in which they were employed by Defendants.

9. Defendant Brown Security & LEO Management doing business as Southern Protection Agency is a domestic corporation, with its principal place of business located at 912 W. HIghway 78 Suite 200 Villa-Rica, Carroll County, Georgia 30180 (within this District).

10. Defendant John Brown is a natural person who exercises complete control over all operations and procedures at the establishment known as Brown Security and LEO Management. John Brown is the owner and CEO of Brown Security and LEO Management. He is currently listed at the Georgia Secretary of State's office as the Registered Agent of Brown Security and LEO Management, with a physical address at 912 W. HIghway 78 Suite 200 Villa-Rica, GA 30180.

11. Defendants conduct business within this State and District, and at all times relevant to this lawsuit is a private business entity that manages employees, such as Plaintiffs. As such, Defendants are subject to the jurisdiction of this Court. Defendants may be served process to its Registered Agent, John Brown at 912 W. Highway 78 Suite 200 Villa- Rica, GA. 30180.

12. Defendants are employers as defined by § 203(d) of the FLSA. Defendants are subject to the provisions of the Fair Labor Standards Act of 1938, as amended, and the laws of the state of Georgia.

13. Plaintiffs were, at all times relevant to this action, "employees" of the Defendants, as defined at § 203(e)(1) of the FLSA, and are entitled to the protections provided thereunder.

14. Defendants were informed of their unlawful pay deduction practices and provided an opportunity to resolve the concerns described herein prior to the filing of this lawsuit.

## IV.  GENERAL ALLEGATIONS

### Mr.  Darrell Taylor

15. Mr. Taylor was employed by Defendants as a "Security Guard" and provided security services to Defendants' contracted clients in Covington, Georgia.

16. Mr. Taylor was to be paid an hourly rate of $16.00 on a bi-weekly pay schedule.

17. Mr. Taylor's duties were to oversee the warehouse yard for CR Bard and escort trucks in and out of the yard. He also performed yard audits consisting of checking all trailers on the yard to ensure all equipment was returned.

18. Mr. Taylor typically worked 11p.m. to 7a.m. He did not take lunch breaks and worked over 40 hours most weeks.

19. Defendants erroneously paid Mr. Taylor most of his overtime hours at his regular rate of pay.

20. For example, during the pay period dated August 15th through August 30th, 2021, Mr. Taylor is recorded as working 48 regular hours with no overtime pay. Mr. Taylor should have been paid for forty (40) hours at his regular rate of pay with 8 hours paid at his overtime rate.

21. Another example occurred during the pay period dated September 1st through 15th. During this pay period, Mr. Taylor is recorded working 100 regular hours and only 12 hours overtime. He was paid his regular rate of pay for all 100 hours. He should have been paid for 80 hours at his regular rate of pay and 32 hours at 1.5 times his regular rate.

22. During the pay period dated December 1st through 15th, Mr. Taylor was again paid for 100 hours of work at his regular rate of pay. At least 20 of those hours should have been paid at his overtime rate.

23. Defendants also falsified the number of hours Mr. Taylor worked. For example, during the pay period dated December 16th through December 31, 2021, Mr. Taylor is recorded as working 36 regular hours and 12 hours of overtime. Mr. Taylor will testify that he worked a full 40 hours each week during that pay period in addition to overtime.

24. He therefore should have been paid for 40 regular hours in addition to his overtime wages as no holiday pay or paid time off was included in this pay period.

25. In total, Mr. Taylor should have been paid overtime at the rate of $24.00 and is currently owed $700 in unpaid overtime.

### Mr. David McDaniel

26. Mr. McDaniel was employed by Defendants as a Site Manager from November 2021 through January 2022, and was paid an hourly rate of $16.00.

27. Mr. McDaniels duties consisted mainly of performing the duties of a security officer. Mr. McDaniel did not have the authority to hire or fire security guards.

28. Mr. McDaniel experienced overtime violations similar to those of Mr. Taylor. For many pay periods, Mr. McDaniel worked in excess of 40 hours per week and was paid straight pay for most of his overtime hours.

29. For example, during the pay period from November 1st through 15th. Mr. McDaniel is recorded as working 108 at his regular rate of pay. Defendants allocated only 56.5 hours to overtime. Mr. McDaniel should have been paid 80 hours at his regular rate of pay and 84.5 hours at his overtime rate.

30. Another violation occurred during the pay period November 16th through November 30th, 2022. Mr. McDaniel is recorded working 128 hours and was only paid 44 hours of overtime. He should have been paid an additional 4 hours of overtime.

31. Defendants' practice of underpaying overtime is displayed yet again during the pay period beginning December 1st through 15th, 2021. During this period, Mr. McDaniel was compensated for 100 hours at his regular rate of pay. He should have been paid 80 hours at his regular rate of pay with 20 hours of overtime.

32. Mr. McDaniel should have been paid overtime at the rate of $24.00 and is currently owed $672.00 in unpaid overtime.

33. Defendants' failure to pay Plaintiffs the appropriate amounts on their regularly scheduled paydays violates the Fair Labor Standards Act.

34. FLSA requires employers pay overtime for hours worked in excess of forty (40) in a workweek of at least one and one-half times their appropriately calculated regular rates of pay. Accordingly, Plaintiffs are unequivocally entitled to full payment for overtime hours worked, and they do not qualify for any of the recognized exemptions from the protections of FLSA.

35. Plaintiffs did not supervise any employees and had no authority to hire, fire, promote or discipline employees.

36. Plaintiffs' work did not involve the performance of duties directly related to the management or general business operations of the Defendants or Defendant's customers. To the extent that his work required any judgment at all, his judgment was limited to choices within set policies or guidelines.

37. Plaintiffs' primary duties did not include the exercise of discretion and independent judgment with respect to matters of significance.

38. Plaintiffs were not compensated on a salary or fee basis during the relevant time period. Plaintiffs were paid an hourly non-exempt rate, and regularly worked more than 40 hours a week.

39. Defendants deliberately avoided paying Plaintiffs their full compensation earned by refusing to pay Plaintiffs overtime rate for all hours worked in excess of forty 40 hours in a given week.   This practice is illegal under the Fair Labor Standards Act.

40. The Fair Labor Standards Act requires employers to pay overtime for hours worked in excess of forty (40) in a workweek of at least one and one-half times their appropriately calculated regular rates of pay.

## V.   CAUSES OF ACTION

### COUNT ONE
### FAILURE TO PAY OVERTIME

41. Plaintiffs repeats, re-alleges and reiterates the foregoing allegations set forth in the prior paragraphs, as set forth herein and states:

42. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations as detailed herein, by failing to properly pay overtime wage compensation to Plaintiff in accordance with §§ 203, and 207 of the FLSA.

43. Plaintiffs were not exempt employees under FLSA.

44. Defendants deliberately avoided paying Plaintiffs their full compensation earned by refusing to pay the appropriate overtime rate for all hours worked in excess of forty (40) hours per week.

45. Defendants were aware they could not lawfully deny Plaintiffs their appropriately calculated overtime wages.

46. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiffs' overtime compensation.

47. As a result of Defendants' violations of the FLSA, Plaintiffs suffered damages by failing to receive overtime compensation in accordance with §§ 203, and 207 of the FLSA.

48. As a result of the unlawful acts of Defendants, Plaintiffs were deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and other relief.

## COUNT TWO
## BREACH OF CONTRACT

49. Plaintiffs incorporates all allegations contained in the foregoing paragraphs, as set forth herein and states:

50. Defendants entered into valid and enforceable contracts to pay the Plaintiffs for all hours worked.

51. Plaintiffs were to be paid the specified rate identified on their pay records for each hour worked.

52. Plaintiffs performed work on behalf of Defendants as agreed, but Defendants failed to pay the wages it was required to pay as a result of the policies identified above.

53. Defendants had both actual and constructive knowledge that Plaintiffs performed work without full payment of his overtime.

54. The Plaintiffs performed the work at Defendants' direction and for Defendants' benefit.

55. Consequently, Defendants are liable to the Plaintiff.

## COUNT THREE
## QUANTUM MERUIT

56. Plaintiffs reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

57. Valuable services were rendered to Defendants by Plaintiffs and similarly situated employees. The services were accepted, used and enjoyed by Defendants.

58. A reasonable person would have expected to compensate Plaintiffs for such use and enjoyment.

59. Plaintiffs had a reasonable expectation of receiving compensation for the services which were rendered.

## COUNT FOUR
## UNJUST ENRICHMENT

60. Plaintiffs reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

61. Defendants have been unjustly enriched at the expense of Plaintiffs by failing to pay for work performed by Plaintiff.

62. Defendants knowingly and/or intentionally accepted the benefit of the work performed by Plaintiff, despite its policy and practice of failing to pay Plaintiffs for such work. In particular, Defendants received the benefit of the labor and services provided by Plaintiff.

63. Such conduct demonstrates bad faith and undue advantage on the part of Defendants.

64. It would be unjust and inequitable for Defendants to retain the benefit of the unpaid work performed by Plaintiff.

**PRAYER FOR RELIEF**

65. Wherefore, Plaintiff prays that process is issued according to law and demands judgment against Defendants as follows:

    a. All damages that may be awarded under FLSA, and Georgia law; general compensatory damages including but not limited to damages for mental and emotional distress plus interest;

    b. Special damages;

    c. Injunctive relief preventing and prohibiting Defendants from engaging in its present practices in violation of the laws cited herein;

    d. Reasonable attorney's fees and expenses and costs pursuant to 42 U.S.C. §1988;

    e. Unpaid overtime compensation for work performed, an equal amount of liquidated damages including, reasonable attorneys' fees, litigation costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

    f. Such other and further and different relief as this court deems just and appropriate.

Respectfully submitted this 15th day of April 2022.

/S/ Arnold J. Lizana

Law Offices of Arnold J. Lizana III
GA Bar No.: 698758
1175 Peachtree Street NE, 10th Floor
Atlanta, GA 30361
Tel./Fax 877-443-0999
alizana@attorneylizana.com

**ATTORNEY FOR PLAINTIFF**